**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ANTONIO MARTIN,**

    Petitioner,

vs.                                              Case No. 4:09cv9-MP/WCS

**WALTER NcNEIL,**

    Respondent.

                             /

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

    Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and motion to proceed in forma pauperis. Docs. 1 and 2.

    Petitioner challenges his conviction in the Second Circuit, Leon County, for sale or possession with intent to sell cocaine, and for resisting an officer without violence, resulting in sentence of 84 months. Doc. 1, p. 1. Petitioner challenged this judgment in a previous § 2254 petition, which was dismissed without prejudice for failure to exhaust available state remedies. 4:06cv433-MP/WCS. Hereafter references to documents are to those filed in that case, unless otherwise noted.

In dismissing the prior petition without prejudice, the court warned Petitioner of the one year period for filing a § 2254 petition. Docs. 17 (report and recommendation, pp. 8-9) and 21 (order adopting recommendation and repeating the warning, p. 2). Judgment was entered on the docket on June 22, 2007. Doc. 22. A certificate of appealability was denied by this court and the Eleventh Circuit. Docs. 26 and 39. The undersigned noted that the conviction became final on July 24, 2006, and if he had not yet "properly filed" any documents in state court, "then Petitioner **must act quickly** by filing a motion in the trial court (under Rule 3.850) or the appellate court (under Rule 9.141), which will toll the running of the one year period under § 2244(d)(2)." Doc. 17, p. 9 (emphasis in original, citation omitted). Specifically, Petitioner was advised that (as of the recommendation, dated May 29, 2007), he had only two months remaining of the one year period. *Id.* He was advised to begin preparing his state court filings on receipt of the recommendation *even* if he also wished to file objections to the recommendation, because the § 2254 proceeding would not toll the period. *Id.*, p. 9.

By order adopting the recommendation on June 21, 2007, Petitioner was again advised that, if he "seeks to file his petition again in federal court after exhausting his state-court remedies, he should read the Magistrate's discussion about the one-year limitations period for § 2254 petitions, and act promptly." Doc. 21, p. 2. *See also* doc. 39 (Eleventh Circuit order denying a certificate of appealability), pp. 3-4 (noting the warning and that, at the time the report and recommendation was adopted, Petitioner "still had one month to file a tolling motion in state court.").

Petitioner failed to heed these warnings. The current petition was filed on January 5, 2009 (the date delivered to prison officials for mailing). According to the

petition and attachments, Petitioner did not file anything in state court after the date his conviction became final (July 24, 2006), until September and (again) in October of 2008. Doc. 1 in this case, attachment pp. 2-3 (doc. 1-2, pp. 9-10 in ECF) (titled "other petitions or motions filed in state court.").  These were well over a year too late.[1]  Documents filed in state court *after* the one year period expired could not toll the period because "a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."   Tinker v. Moore, 255 F.3d 1331, 1333, n. 4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).

It is therefore respectfully **RECOMMENDED** that the 28 U.S.C. § 2254 petition filed by Antonio Martin, challenging the conviction and 84 month sentence imposed by the Second Judicial Circuit, Leon County, be **SUMMARILY DISMISSED** as untimely.

**DONE AND ORDERED** on February 2, 2009.

 s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] According to the online docket of the Florida First District Court of Appeal this Petitioner had three appeals: an appeal voluntarily dismissed before the direct appeal was decided (*i.e.,* before the judgment became final and commenced the period) (1D05-5822); the direct appeal (1D05-501); and another appeal of some sort as to the criminal case, filed on October 12, 2006, and dismissed on December 5, 2006 (1D06-5358). Giving Petitioner every benefit of the doubt – that the third appeal represents a post conviction motion, properly filed immediately after the judgment of conviction became final in state court and timely appealed, to toll the time through dismissal of the appeal – the tolling period would be less than five months and the current petition would remain untimely.

Case No. 4:09cv9-MP/WCS